STEADMAN, Senior Judge:
Appellant Julius L. Worthy, convicted at a bench trial of assault and attempted threats,[1] challenges the introduction of a prior consistent statement made by the victim relating to threats made by appellant. We conclude that under the eircum-stances of this case, the prior consistent statement was properly admitted into evidence.
Facts
This case arose out of a family quarrel between Worthy and his older sister, Alex-sandra Green, shortly after midnight on January 8, 2012. Green testified that after Worthy said that he was “going to whoop [her] butt,” she ran from the apartment and asked a building security guard to call the police. Worthy followed her, the argument continued, and Worthy hit Green several times.
Both parties challenged this testimony with prior inconsistent statements made by Green. The government introduced Green’s grand jury testimony, given twelve days after the incident, in which she had said that Worthy had threatened that “[h]e was going to kill [her].” The defense, for its part, impeached Green with her statement to Detective Ricks on January 9, the day following the incident, that her brother “did not do anything to [her].”[2]
The government in rebuttal called Detective Derek Bell. Over the objection of defense counsel, Bell testified to a telephone interview with Worthy the morning of the incident. During the interview, Green told Bell that Worthy “began to assault her, striking her several times in the face,” and “at some point, he also made threats towards her, stating that he will kill her.” The issue on appeal is whether this prior consistent statement was admissible as an exception to the rule against hearsay.
Analysis
As a general rule, prior consistent statements are not admissible to bolster *1097 the credibility of a witness. Rease v. United States, 403 A.2d 322, 327 (D.C.1979). The rationale for excluding such prior statements is lack of relevance. “Mere repetition does not imply veracity.” Scott v. United States, 412 A.2d 364, 373 (D.C.1980). However, once a witness has been impeached, exceptions come into play.
One such exception has been codified in D.C.Code § 14-102(b)(2) providing for the admission of a prior consistent statement that “is offered to rebut an express or implied charge against the witness of recent fabrication or improper influences or motives.” Such a statement is deemed nonhearsay and constitutes substantive evidence. This provision duplicates the almost identically worded Federal Rule of Evidence 801(d)(1)(B). See Tome v. United States, 513 U.S. 150, 156, 115 S.Ct. 696, 130 L.Ed.2d 574 (1995); Mason v. United States, 53 A.3d 1084, 1092 (D.C.2012). A second exception exists that where a witness’s testimony has been impeached by a portion of a statement, the remainder of the statement can be introduced insofar as it meets the force of the impeachment. See Musgrove v. United States, 441 A.2d 980, 985 (D.C.1982).
Worthy in essence argues that apart from these two situations, the introduction of prior consistent statements is barred. We cannot agree. As the government correctly asserts, the overriding principle is that prior consistent statements are admissible to rehabilitate a witness when the facts and circumstances of the statement have particular relevance in refuting the theory of impeachment that has been advanced. This very principle is reflected in a proposed amendment to the Federal Rules of Evidence, which the Supreme Court recently submitted to Congress, that would add a subsection 801(d)(l)(B)(ii). The proposed amendment would allow the admissibility of a prior consistent statement as substantive evidence when the statement is offered “to rehabilitate the declarant’s credibility as a witness when attacked on another ground.”[3]
Our own case law has recognized this ground of admissibility of a prior consistent statement. As early as Rease, supra, 403 A.2d at 327-28, we noted that prior consistent statements could be admitted “for rehabilitation purposes” where they “can be of very clear help to the factfinder in determining whether the witness is *1098 truthful” and where the proposed evidence “is directed only at the particular impeachment that occurred.”[4] Subsequently, in Johnson v. United States, 434 A.2d 415 (D.C.1981), we articulated much the same evidentiary standard in sustaining a trial court admittance of a prior consistent statement where the witness had been impeached specifically by a prior inconsistent statement, saying: “[TJhere is ‘the corollary principle [to the general rule of exclusion] that a prior consistent statement ... may be introduced into evidence to rehabilitate a witness.’ United States v. Smith, 160 U.S.App.D.C. 221, 225, 490 F.2d 789, 790 (1974) (footnote omitted). Such rehabilitation is permissible when the witness’ credibility has been challenged, Rease v. United States, supra, 408 A.2d at 328 n. 7, whether by impeachment with a prior inconsistent statement or by implication that the witness has a motive to lie.” Id. at 420-21 (bracketed addition in original; citations omitted).[5]
Green’s statement to Detective Bell on the very day of the incident comfortably falls within the limited conditions for admissibility to rehabilitate propounded in Rease. Green’s credibility was significantly brought into question by the introduction of her statement to Detective Ricks only a day after the incident that Worthy “didn’t do anything to [her].” The relevance of the prior consistent statement that was made to the police even closer in time to the incident borders on being self-evident. It completely refutes any suggestion that the Ricks statement reflected Green’s original view of the facts as related to the police and that her later statements to the grand jury and to the trial judge were falsified or based on a fading memory. It plainly could be of “very clear help to the factfinder” in determining truthfulness and was aimed squarely at the “particular impeachment that had occurred.” Rease, supra, 403 A.2d at 328.[6] Furthermore, the government made clear that the statement to Detective Bell was being proffered not for its truth but solely for rehabilitation in this bench trial. In short, the trial court did not err or abuse *1099 its discretion[7] in admitting the challenged prior consistent statement. Accordingly, the judgment appealed from is

Affirmed.

. D.C.Code § 22-404 (2012 Repl.) (assault) and D.C.Code §§ 22-407, 22-1803 (attempted threats).

. This statement appears to have been made by Green when she was protesting the arrest of Worthy that was taking place at the time.

. The Judicial Conference of the United States' Advisory Committees on Appellate, Bankruptcy, Criminal, and Evidence Rules specifically noted that the existing rule dealt with only one basis for admission of a prior consistent statement as substantive evidence. This change reflects the advisory committee’s recognition that such statements could be admitted on other bases solely for “rehabilitation,” such as to explain an inconsistency or to rebut a charge of bad memory. The committee concluded that the distinction between substantive use and that only of rehabilitation was confusing and without practical significance. The committee thus recommended the expanded application of the rule. In doing so, however, it stressed that the amendment did not change existing limits on introduction of prior consistent statements and that ”[a]s before, prior consistent statements under the amendment may be brought before the fact finder only if they properly rehabilitate a witness whose credibility has been challenged.” See Sidney A. Fitzwater, Report of the Advisory Committee on Evidence Rules (May 3, 2012), in Preliminary Draft of Proposed Amendments to the Federal Rules of Appellate, Bankruptcy, and Criminal Procedure, and the Federal Rules of Evidence, Committee on Rules of Practice and Procedure of the Judicial Conference of the United States 213, 213-19 (Aug.2012); Judicial Conference of the United States, Summary of the Report of the Judicial Conference Committee on Rules of Practice and Procedure 1, 29-32 (Sept.2013).

. It is true that in Rease, supra, 403 A.2d at 327-28, we thought that this would be an "exceptional situation” and sustained the trial court’s exclusion of the proffered consistent statement. While a footnote in Rease observed that the “generally recognized exceptions” to the prohibition against use of prior consistent statements were the two already noted above, we do not read Rease or any subsequent cases as holding that these exceptions are all-inclusive. Several subsequent cases have generally recited the Rease analysis. See, e.g., Battle v. United States, 630 A.2d 211, 215-16 (D.C.1993).

. While we found that both conditions existed in the facts of Johnson, the opinion by use of the disjunctive "or” suggests that either ground alone would have been sufficient. To be clear, Johnson does not open the door to admissibility, willy-nilly, of prior consistent statements simply because a prior inconsistent statement has been used for impeachment, a point we made clear in Rowland v. United States, 840 A.2d 664, 679 (D.C.2004). As we noted in subsequently distinguishing Johnson, the limitations imposed by Rease were effectively met in that case. See McClain v. United States, 460 A.2d 562, 570 n. 14 (D.C.1983).

.We thus take issue with the dissent’s assertion that "Ms. Green's statement is not relevant to meet the force of her impeachment other than through the "repetition implies veracity” inferential chain.” However one reads the government's assertions in the brief dialogue at trial, the issue before us is whether the trial court itself at a bench trial erroneously admitted the evidence. And, as we have already stated in footnote 5, we reject any suggestion that impeachment with a prior inconsistent statement is itself enough to allow admission of a prior consistent statement without meeting the stringent limitations required by Rease quoted in the text supra.

. "The trial judge has broad discretion with respect to the admission or exclusion of prior consistent statements.” District of Columbia v. Bethel, 567 A.2d 1331, 1336 (D.C.1990) (internal citations omitted).